JAP:ANW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (49 U.S.C. § 46506(1)) |
| NADEEM MEHMOOD QURAISHI, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

CHRISTOPHER CARUSO, being duly sworn, deposes and says that he is a a Detective with the New York City Police Department ("NYPD") - Federal Bureau of Investigation ("FBI") Joint Terrorism Task Force, duly appointed according to law and acting as such.

Upon information and belief, on or about October 26, 2015, the defendant NADEEM MEHMOOD QURAISHI, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did commit an act, to wit: sexual contact, that, if committed in the special maritime and territorial jurisdiction of the United States, would violate Chapter 109A of Title 18 of the United States Code, to wit, Section 2244(b) of Title 18 of the United States Code.

(Title 49, United States Code, Section 46506(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On October 26, 2015, your deponent was notified that a female passenger (hereinafter, the "passenger"), who had been aboard Emirates flight number EK 203 as it flew from Dubai, United Arab Emirates to John F. Kennedy International Airport ("JFK") in Queens, New York, has reported that the defendant NADEEM MEHMOOD QURAISHI had engaged in an unwanted and non-consensual sexual contact with her during the course of the flight.

2. On October 26, 2015, the passenger advised law enforcement of the following, in sum and substance and in part:

   a. Upon boarding the aircraft, the passenger took her assigned seat in 45D, an aisle seat in a row of three adjacent seats. The defendant was seated in 45E, next to the passenger. Approximately an hour into the flight, the passenger fell asleep. The passenger had taken medication to help her fall asleep.

   b. A few hours later, the passenger woke up. The defendant asked the passenger whether she had a good nap. The passenger noticed that lotion had been spread on her arms, chest, and up her legs and that the hand lotion she had placed in the pocket in front of her seat was missing.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

      c. The passenger then went to the bathroom. As the passenger walked to the bathroom, the passenger felt that her vaginal area was sore. While in the bathroom, the passenger saw that her underwear had been shifted and that lotion was in her vaginal area and on her underwear.

      d. The passenger returned to her seat and asked the defendant where her hand lotion was. The defendant passed the passenger her hand lotion. The passenger then notified the flight crew.

3. On October 26, 2015, law enforcement spoke with two flight attendants, whose initials are "G.N." and "R.B." (collectively, the "flight attendants"), on Emirates flight number EK 203 from Dubai to JFK. G.N. stated that she was notified by a supervising flight attendant that the passenger was crying and trembling in the galley area of the aircraft. At that time, the flight attendants went to the galley to speak with the passenger. The passenger reported that she believed that something happened to her while she fell asleep after taking her anti-anxiety medication. The flight attendants then questioned the defendant. The defendant told flight attendants that he applied lotion to the passenger's arms, shoulders, and legs and used the lotion in her vaginal area. The defendant also told the flight attendants that he thought the passenger needed it, and that the passenger enjoyed it because she did not resist. The defendant also told the flight attendants that he liked it and that it happened to him as a child.

5. Upon arrival at JFK, the defendant NADEEM MEHMOOD QURAISHI was arrested and provided <u>Miranda</u> warnings, which warnings indicated he understood and agreed to waive. After waiving his <u>Miranda</u> warnings, the defendant admitted to

inappropriately touching the passenger, that he knew it was wrong, but he did not specify how he touched the passenger.

6. It is your deponent's understanding that the plane in question was either an "another aircraft in the United States," pursuant to 49 U.S.C. § 46501(2)(C), or "another aircraft outside the United States," pursuant to 49 U.S.C. § 46501(2)(D). It is further your deponent's understanding that the plane in question was "in flight," as defined in 49 U.S.C. § 46501(1), during the events described herein.

WHEREFORE, your deponent respectfully requests that defendant NADEEM MEHMOOD QURAISHI be dealt with according to law.

_____
CHRISTOPHER CARUSO
Detective
NYPD-FBI Joint Terrorism Task Force

Sworn to before me this
26th day of October, 2015

_____
HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK