

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BWB:NDB
F. #2015R01848

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 4, 2015

<u>By FedEx and ECF</u>

Mark Macron
80 Wall Street
Suite 815
New York, NY 10005
212-344-8642

      Re:    <u>United States v. Nadeem Mehmood Quraishi</u>
            <u>Criminal Docket No. 15-598 (CBA)</u>

Dear Mr. Macron:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

      Enclosed please find: (i) a disc containing a video-recorded interview with the defendant on the day of his arrest, Bates-numbered QURAISHI000001; (ii) redacted copies of law enforcement paperwork reflecting statements made by the defendant on the day of his arrest including an Advice of Rights form signed by the defendant, a Criminal Complaint Report, and Reports of Interviews, Bates-numbered QURAISHI00002-000013.

    B.    <u>The Defendant's Criminal History</u>

      At this time, the government is aware of a 2003 arrest and domestic incident report, which case is sealed. It is not aware of any further criminal history, youthful offender, or juvenile offender adjudications of the defendant.

C.   Documents and Tangible Objects

Enclosed please find copies of the defendant's driver's license, permanent resident card and passport, Bates-numbered QURAISHI000014-000027.

The government and/or the Federal Bureau of Investigations ("FBI") is also in possession of physical items recovered from the day of the defendant's arrest, including the defendant's shirt, the dress and underwear worn by the victim, two bottles of water, two containers of lotion and a rape kit.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   Reports of Examinations and Tests

The government may introduce evidence of a trace hair and fiber analysis and/or DNA analysis performed by the FBI laboratory. Enclosed please find a copy of the hair and fiber analysis, Bates-numbered QURAISHI000028-000030.

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify to any FBI laboratory reports introduced as evidence.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.   Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized

representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

          Very truly yours,

          ROBERT L. CAPERS
          United States Attorney

By:   /s/ Nomi D. Berenson
          Nomi D. Berenson
          Assistant U.S. Attorney
          (718) 254-6308

Enclosures

cc:    Clerk of the Court (CBA) (by ECF) (without enclosures)