

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MPC:NDB
F. #2015R01848

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 3, 2016

By ECF

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Nadeem Mehmood Quraishi
              Criminal Docket No. 15-598 (CBA)

Dear Judge Amon:

The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for August 12, 2016 at 10:00 a.m. For the reasons stated below, the government respectfully requests that the Court impose a sentence of 24 months, which is within the applicable United States Sentencing Guidelines ("Guidelines") range.

I.     Facts

On October 26, 2015, the defendant sexually assaulted a young woman aboard an international flight bound for John F. Kennedy International Airport. Presentence Investigation Report ("PSR") ¶¶ 4-7. He did this after she had taken prescribed anti-anxiety medication and while she slept. When confronted by flight attendants aboard the aircraft shortly after the assault, the defendant calmly admitted that he had applied the victim's lotion to her "private parts" while she slept. Upon landing in New York, the defendant admitted to law enforcement that he had inappropriately touched the victim while she slept.

Subsequent testing from the rape kit performed on the victim revealed the presence of chemicals consistent with those in her lotion on the inner lining of her dress and sperm was detected on a cervical swab.

On April 21, 2016, following a jury trial, the defendant was convicted of abusive sexual contact and assault in the special aircraft jurisdiction of the United States, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. §§ 2244(b) and 113(a)(5). PSR ¶¶ 1-2.

II.     Guidelines Calculation

The government submits that the Guidelines calculations set forth below should be applied:

Count One: Abusive Sexual Contact

    Base Offense Level (§ 2A3.4(a)(2))          16

    Total:          <u>16</u>

Based on a Criminal History of Category I and an adjusted offense level of 16, the applicable Guidelines range is 21 to 27 months in custody. The statutory maximum sentence that can be imposed for Count One is two years, however, so the functional Guidelines range for that count is 21 to 24 months.

This Guidelines range is the same as that calculated in the PSR. PSR ¶¶ 60-61. As set forth in the PSR, the Guidelines are inapplicable to Count Two because that count is a Class B misdemeanor. U.S.S.G. § 1B1.2(a).

Citing to U.S.S.G. § 2A3.4(a)(3), the defendant argues that the base offense level for Count One should be 12. That argument is without merit. As set forth in the application notes to that provision of the Guidelines, the appropriate base offense level is 16 where, as here, the non-consensual sexual contact at issue involves a victim "who is incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual act." U.S.S.G. § 2A3.4 App. n.2. The uncontroverted evidence adduced at trial established that the victim in this case was unconscious and in a deep, medicated sleep during the commission of the offense. These facts fall squarely within the statutory language set forth in 18 U.S.C. § 2242. Application of U.S.S.G. § 2A3.4(a)(2) is thus appropriate.

III.    Argument

For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 24 months' incarceration – the statutory maximum – in this case. Considering the factors set forth in 18 U.S.C. § 3553(a), in particular the nature and circumstances of the offense, a 24-month sentence is appropriate. As this Court presided over this trial in April, the government will refrain from rehashing each and every detail of this case here. Nevertheless, it is worth noting that the offense involved shocking conduct. That the defendant assaulted a stranger aboard a long, overnight flight, that he did so while she slept, and that he assaulted her in such an intimate and invasive manner demands

2

imposition of a significant penalty to adequately reflect the seriousness of his conduct, to promote respect for the law and to punish the defendant. 18 U.S.C. §§ 3553(a)(1) and (2)(A). And, to the extent assaults occur on U.S.-bound and domestic flights, it is also necessary to afford adequate deterrence to those who would commit assaults on flights. Id. at § 3553(a)(2)(B). Finally, and as discussed below, a sentence of 24 months in this case is by no means excessive or disproportionate to the offense conduct.

Furthermore, a sentence of 24 months' incarceration would provide just punishment to this defendant who has never acknowledged his wrongdoing. Even to this day the defendant refuses to accept responsibility for his conduct. As set forth in his sentencing submission, the defendant "maintains [that] he is innocent of the crimes of which he has been convicted" (Def. Br. at 11), despite his video-recorded post-arrest statement in which he admitted touching the victim inappropriately while she slept, among other evidence. The government submits that the defendant's refusal to accept responsibility is revealing. Indeed, the defendant claims that, as a consequence of media attention to this case, he lost his job. (Def. Br. at 6.) That contrasts sharply, however, with information the defendant and his wife provided to U.S. Probation Office, namely that the defendant left his job with the hope of securing a new position. See PSR ¶ 49.

To the extent the Court considers the defendant's request for a downward departure, the government notes that but for the statutory maximum, it would move for an upward departure. Specifically, the defendant was convicted of abusive sexual contact, in violation of 18 U.S.C. § 2244(b), but the reality of this case is that, when all of the evidence, taken together, is considered, the defendant's conduct was more akin to a non-consensual "sexual act," in violation of 18 U.S.C. § 2242. Had he been convicted under that provision, he would be subject to a Guidelines range of 97 to 121 months. See U.S.S.G. § 2A3.1(a)(2). Notably, the evidence adduced at trial established that sperm was found on the victim's cervix. Additionally, were there to be an evidentiary hearing, the government would put forward testimony from the victim as well as expert testimony from Forensic Examiner Tiffany Smith of the Federal Bureau of Investigation. The victim would testify that she had not had sex with anyone during the ten-day vacation with her parents that she was returning from when the assault occurred. Ms. Smith would testify that, in her expert opinion, the longest sperm tend to live on the cervix is approximately five days. That testimony, considered together with the forensic evidence gathered from the rape kit in this case, leads to the inescapable and disturbing conclusion that the defendant deposited semen in the victim – i.e., he engaged in not only "sexual contact" but also a "sexual act" as those terms are defined in 18 U.S.C. §§ 2246(2)(C) and (3) – thereby exposing her to a host of medical risks as well as the additional psychological trauma associated with this aggravated type of assault. A victim impact statement is attached hereto and submitted under seal.

3

Finally, the defendant seeks leniency due to a mental illness diagnosis without having established either a causal link between the alleged acute manic episode and the offense conduct or submitting medical records or testimony from the relevant time period. Respectfully, the Court should give no weight to the records submitted, all of which post-date the offense. If the defendant wishes to put forward evidence as to his mental state at the time of the offense, he should make that application. On the record before the court, see PSR ¶ 41, there is simply no basis to credit defense counsel's claim that his mental illness contributed to the defendant's sexual assault of the victim last October especially, in light of the fact that the defendant continues to deny wrongdoing.

IV. Conclusion

A sentence of 24 months would reflect the seriousness of the defendant's conduct – the uninvited and non-consensual sexual molestation of a sleeping woman – promote respect for the law, and punish the defendant for assaulting the victim in such an egregious manner. See 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 24 months' imprisonment.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: /s/ Nomi Berenson
Nomi D. Berenson
Assistant U.S. Attorney
(718) 254-6308

cc: Mark Macron, Esq. (via ECF)