

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MPC:NDB
F. #2015R01848

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 11, 2016

By Hand and ECF

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Nadeem Mehmood Quraishi
                Criminal Docket No. 15-598 (CBA)

Dear Judge Amon:

      The government respectfully submits this letter in response to the letter submitted by the defendant dated August 10, 2016, and in advance of sentencing in the above-captioned case, which is scheduled for August 12, 2016 at 10:00 a.m. For the reasons stated below and as set forth in the government's letter dated August 3, 2016 (the "Government's August 3 Letter"), the government respectfully requests that the Court impose a sentence of 24 months, which is within the applicable United States Sentencing Guidelines ("Guidelines") range.

    I.    Guidelines Calculation

      The parties agree that Section 2A3.4 of the Guidelines is the applicable provision governing abusive sexual contact under 18 U.S.C. § 2244.[1] As set forth in the

---

[1] Contrary to the defendant's assertion, the government has not asked the Court to make a finding that the defendant engaged in a "sexual act" as that term is defined in § 2246(2)(C). Nor does the government argue that U.S.S.G. § 2A3.1, which governs violations of 18 U.S.C. § 2242, is applicable. That said, and as set forth in the Government's August 3 Letter, the trial evidence considered together with the testimony proffered in that letter, support the conclusion that the defendant, in fact, engaged in a "sexual act," which is appropriate for the Court's consideration as relevant conduct.

Government's August 3 Letter and the Presentence Investigation Report ("PSR"), the government calculates that, under subsection (a)(2), the base offense level is 16. The defendant argues, however, that subsection (a)(3), which sets the base offense level at 12, should apply. In making that argument, the defendant misreads subsection (a)(2) and ignores the relevant application note.

Subsection (a)(2) provides that the base offense level is "16, if the offense involved conduct described in 18 U.S.C. § 2242." Application Note 3 further explains that,

> For purposes of subsection (a)(2), "conduct described in 18 U.S.C. § 2242" is: . . . (B) engaging in, or causing <u>sexual contact</u> with, or by another person who is incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual act.

---

To that point, the government here briefly addresses several misstatements in the defendant's letter dated August 10. First, the defendant submits that forensic testing "determined there was no lotion on the [victim's] underwear." It did no such thing. A lubricant expert from the Federal Bureau of Investigation ("FBI") testified that at least "one piece of data . . . would suggest that it is possible" that a chemical present in the lotion was also present on "the dress, the pair of underwear and the man's shirt," Tr. 217:12-19, but he noted that "though it [the lotion] may have been" present on the underwear, the data was not strong enough to support such a finding. <u>Id.</u> at 218:18-23. He further testified that lubricant testing of clothing only tests a "very small" sample of each item of clothing. <u>Id.</u> at 217:20-22. Similarly, the defendant's assertion that testing "conclusively found no presence of lotion" on the swabs and smears that were tested from the rape kit is inaccurate. The expert testimony explained the limitations of testing skin surfaces with swabs and smears, <u>id.</u> at 207:11-16, and the fact that chemicals in lotions are typically absorbed in or dissipated off of skin. <u>Id.</u> at 208: 2-18.

Likewise, the defendant's suggestion that the lack of DNA evidence in this case somehow establishes that he did not touch the victim is, at best, misleading. A DNA expert from the FBI testified about the limitations of DNA testing and variations among individuals that affect how much DNA they leave when they touch a surface, Tr. 185:5-187:11 and 189:12-22. She further explained the limitations of "touch DNA" testing, <u>id.</u> at 193:12-194:3, and specifically testified that she could not determine whether or not the defendant was the source of the sperm found on the cervical swab. <u>Id.</u> at 189:25-190:11. The failure to successfully extract DNA from that semen does not, however, exonerate the defendant. The fact remains that semen was detected on the cervical swab, which, considered together with the proffered testimony in the Government's August 3 Letter, supports the conclusion that it is the defendant's semen that was detected.

Finally, the defendant's claim that there is "no evidence" supporting the fact that he applied lotion to the victim's genital area is – far from a "baseless" statement – belied by his own words. When confronted by flight attendants soon after the assault, the defendant admitted that he had applied lotion to the victim's "private parts." Tr. 89:9-10, 108:3-4 and 121:6-7.

2

U.S.S.G. § 2A3.4 App. n.3 (emphasis added). Of note here, the application of subsection (a)(2) does not require proof of a "sexual act" as that term is defined in § 2246(2)(C). To the contrary, the application note makes clear that the four-level increase in the base offense level prescribed in subsection (a)(2) is applicable where, as here, a defendant is guilty of "sexual contact," as that term is defined in § 2246(3), where the victim "is incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual act." U.S.S.G. § 2A3.4 App. n.3. Put simply, the base offense level is increased under subsection (a)(2) because of the victim's vulnerability, not because the defendant committed a "sexual act" as compared with "sexual contact." There can be no doubt that the victim in this case was just the type of vulnerable victim contemplated by subsection (a)(2).

The defendant's argument that the victim here was "[]capable of apprising the nature of the conduct" or "physically []capable of declining" or "communicating unwillingness" is controverted by the trial evidence. The victim testified at trial that she took a prescribed medication for anxiety and sleep and went into "a deep sleep." Trial Tr. 33:16, 35:2-15, 39:1-2 and 66:8-9. She further testified that, at the time she boarded the flight, she was already tired from traveling and having been awake for approximately "18 to 24 hours." Id. at 39:7-13. She testified that she does not know exactly what happened to her when she was asleep. Id. at 44:14-16. On cross-examination, the defendant answered the following question in the affirmation: "Now, while you're asleep, this is a Xanax-induced sleep, correct?" Id. at 59:10-12. That the victim believes she heard someone whisper to her in her sleep, see Tr. at 29:25-40:3, is irrelevant. The flight attendant who questioned the defendant after the assault testified that he admitted that the victim "didn't offer me any resistance" and "that she was asleep." Id. at 89:16 and 19; see also id. at 121:12-13. Moreover, in the defendant's post-arrest, video-recorded statement he admitted that "she [the victim] was sleeping" during "the touching part" and "didn't react." There can be no serious dispute as to the victim's state during the offense conduct. Application of subsection (a)(2) is thus appropriate.

II. A 24-Month Sentence Is Reasonable and Proportional to the Defendant's Conduct

As set forth in the Government's August 3 Letter, the government respectfully requests that the Court impose a sentence of 24 months' incarceration in this case. The government makes this request after consideration of the factors outlined in 18 U.S.C. § 3553(a). The defendant contends that the government now seeks to punish the defendant because he availed himself of his right to go to trial. That is not the case. The government, of course, acknowledges that all criminal defendants have the right to a trial.

A brief discussion of the facts of this case demonstrate why, after evaluation of the § 3553 factors, a sentence at the statutory maximum of 24 months is appropriate. As previously discussed, the nature and circumstances of the offense are outrageous. See 18 U.S.C. § 3553(a)(1). This offense will likely haunt the victim for her life and its seriousness

3

needs to be reflected in the sentence imposed on the defendant. Id. at § 3553(a)(2)(A). The characteristics of the defendant here also call for a significant sentence. The defendant has shown no remorse, nor has he even acknowledged the wrongfulness of his conduct. Even after a jury found him guilty, he maintains that he did nothing wrong. To the contrary, he continues trying to shift blame to the victim. In the defendant's letter dated August 10, he argues that she could not have been incapable of appraising the situation or of communicating unwillingness because she heard him whisper to her in her sleep, as if she somehow gave the defendant permission to sexually assault her. This defendant's continued efforts to shift blame to the victim are offensive and further demonstrate his complete lack of acknowledgment of his criminal conduct. A 24-month sentence would be appropriate punishment and promote respect for the law. Id. at §§ 3553(a)(1) and (a)(2)(A).

        Finally, the defendant argues that a 24-month sentence in this case would not be in line with the sentences imposed on others convicted under 18 U.S.C. § 2244. But the cases cited by the defendant further demonstrate the comparative severity of the defendant's conduct in the instant case and further support imposition of a higher sentence here. See 18 U.S.C. § 3553(a)(6). The defendant cites two cases in which a defendant's conviction appears to have been based on evidence that he groped a sleeping woman who was awakened during the touching and able to immediately stop it. See United States v. Drissi, 14-CR-473 (ILG) (E.D.N.Y. 2014) and United States v. Singh, 14-CR-525 (D.N.J. 2014).[2] By contrast, the victim in this case was unable to stop, or even know, what was happening to her. That fact alone materially distinguishes this case from those cited by the defendant. Accordingly, the defendant faces a Guidelines range that is higher than was applicable to either of these cases.

---

[2] The defendant also cites two cases involving defendants who pled guilty to a misdemeanor count of simple assault, not abusive sexual contact. As such, they are inapposite. See United States v. Polanco, 12-CR-703 (VMS) (E.D.N.Y. 2012) and United States v. Loudermilk, 14-CR-157 (D. Utah 2014).

4

For all these reasons as well as those in the Government's August 3 Letter, the government respectfully requests that the Court impose a sentence of 24 months.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:  /s/ Nomi Berenson
Nomi D. Berenson
Assistant U.S. Attorney
(718) 254-6308

cc: Mark Macron, Esq. (via ECF)